UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

SUZANN WISNER,

     Plaintiff,

vs.

WALMART STORES, INC.,

     Defendant.

_____/

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant/Petitioner, WALMART , INC., f/k/a Walmart Stores, Inc., by and through its undersigned counsel and pursuant to 28 U.S.C.A. §1446(e), files this Notice of Removal pursuant to 28 U.S.C.A. §1441, *et seq.*, and 28 U.S.C.A. §1332, to remove to the United States District Court, Middle  District of Florida, Jacksonville Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida (the "State Court"), Case No: 2020-CA-000371 and styled SUZANN  WISNER, Plaintiff, vs. WALMART STORES, INC.   Defendant in support of this Notice of Removal, Defendant alleges:

     1.   The Plaintiff, SUZANN WISNER, filed a personal injury negligence

action in the Circuit Court of the Seventh Judicial Circuit, Flagler County,

Florida (Case No.: 2020-CA-000371) based upon an incident occurring on or

about April 12, 2019, where the Plaintiff, SUZANN WISNER, allegedly slipped and

fell on a transitory foreign substance on the floor of a Walmart store located at

174 Cypress Point Parkway in Palm Coast, Flagler County, Florida.  (A copy of the

Plaintiff's Complaint is attached hereto and marked **"Exhibit 1a"**).

2.      Pursuant to 28 U.S.C. §1446 and Local Rules, copies of all

process, pleadings, orders, and other papers or exhibits on file in the case are

attached and marked "**Composite Exhibit 1**" and delineated as follows: (a)

Complaint; (b) Summons; (c) NOTICE OF APPEARANCE AND DESIGNATION OF E-

MAIL ADDRESSES; (d) Defendant's Answer and Affirmative Defenses;  (e) MOTION

FOR ORDER PROHIBITING DISSEMINATION OF IN STORE VIDEO (f) DEFENDANT'S

MOTION FOR ORDER PROHIBITING DISSEMINATION OF DOCUMENTS PRODUCED

BY DEFENDANT, WALMART, INC. (g) Agreed Order prohibiting dissemination of

documents produced by Defendant, WALMART, INC.  (Any discovery filed in the

State Court action will not be filed in the instant action pursuant to Federal

and/or Local Rules).   A copy of the State Court's docket is attached and marked

"Exhibit 2."

3.      The State Court action may be removed to this Honorable Court

based upon diversity jurisdiction in accordance with 28 U.S.C. §1441 and 28

U.S.C.

§1332.

    4.    28 U.S.C. §1441 (a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

    5.    28 U.S.C. §1441(b) provides:

> **(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

    **6.**    §1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .
>
> (1) citizens of different States.

    7.    Subsection (c) of 28 U.S.C. § 1332 provides:

> For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business…

8.    28 U.S.C. § 1446(b) provides, in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable….

**COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PROPER PARTIES**

9.    In her complaint, Plaintiff alleges that she is and has been at all times material hereto a resident of Flagler County, Florida.

10.    Although residency may not be the equivalent of citizenship for diversity purposes, state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain.  See _Jones v. Law Firm of Hill and Ponton_, 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001) citing _Mississippi Band of Choctaw Indians v. Holyfield_, 490 U.S. 30, 48

(1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. See *Jones*, 141 F.Supp. at 1355, citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Furthermore, once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *Id*. at 1355, citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). In the instant matter, it is anticipated that the Plaintiff will not file anything to rebut such a presumption.

11.     Plaintiff's Complaint alleges and Defendant's answer admits that at all times material to this action, Defendant, WALMART, was a foreign corporation authorized to do business in the State of Florida with its principal address in Bentonville, Arkansas.


## AMOUNT IN CONTROVERSY

12.     In her Complaint, Plaintiff alleges, "This is an action for damages in excess of $75,000, exclusive of attorneys' fees, interest and cost . . . " (See Paragraph 1 of **Exhibit 1a**). The Plaintiff has not pled any specific amount of damages sought. In its answer, Defendant admitted that allegation for purposes of jurisdiction. (See Paragraph 1 of **Exhibit 1d**).

13.     Based upon the amount of damages, Plaintiff is seeking in this lawsuit the amount in controversy in this action exceeds the jurisdictional requirements of this Court.

14.     This Notice of Removal of Cause was timely filed within thirty (30) days from September 16, 2020, the date upon which the Defendant/Petitioner (WALMART) was served with Plaintiff's Complaint.  <u>See</u> **Exhibit 1b** attached. There has been no waiver by the Defendant/Petitioner of any right to remove this cause to the Federal Court.

WHEREFORE, Defendant/Petitioner, WALMART, INC., hereby petitions this Court for entry of an Order removing this cause from the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida, to the United States District Court, Middle District of Florida, Jacksonville Division, and further demands enjoining prosecution by the Plaintiff/Respondent in the State Court proceedings and further directing that the State Court action shall proceed no further and last until further Order of Remand is forthcoming from this Court.

RESPECTFULLY SUBMITTED this 16th day of October, 2020.

Case No.: 2020-CA-000371
Page 7

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via Electronic Mail, to all counsel of record on the Service List, this <u>16th</u>

day of <u>October</u>, 2020.

> LUKS, SANTANIELLO, PETRILLO & COHEN
> Attorneys for Defendant
> 201 S ORANGE AVENUE, SUITE 400
> ORLANDO, FL 32801
> Telephone: (407) 540-9170
> Facsimile: (407) 540-9171
>
>
> By: _/s/ Anthony Meredino_
>   ANTHONY MERENDINO FBN 475483

## SERVICE LIST

Howard C. Coker, Esq.
Daniel A. Iracki, Esq.
Chelsea R. Harris, Esq.
COKER LAW
136 East Bay Street, 2nd Floor
Jacksonville, FL 32202
Dai@cokerlaw.com (Primary)
Crh@cokerlaw.com (Secondary)
gdm@cokerlaw.com