Filing # 111480277 E-Filed 08/07/2020 04:39:36 PM

IN THE CIRCUIT COURT, SEVENTH<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
FLAGLER COUNTY, FLORIDA<br>
<br>
CASE NO.: 2020 CA 000371<br>
DIVISION: 49

SUZANN WISNER,

    **Plaintiff,**

v.

WALMART STORES, INC.,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SUZANN WISNER, by and through her undersigned attorneys, hereby sues Defendant, WALMART STORES, INC. (hereinafter "WALMART"), and alleges:

### JURISDICTION

1. This is an action for damages in excess of $75,000, exclusive of attorneys' fees, interest and costs, and plaintiff hereby demands a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 22, Florida Constitution.

2. At all times material hereto, the Plaintiff, SUZANN WISNER, was a resident of Flagler County, Florida.

3. At all times material hereto, Defendant, WALMART, was a foreign corporation authorized to do business in the State of Florida with its principal address in Bentonville, Arkansas.

4. On or about April 12, 2019, Defendant, WALMART, was the owner or otherwise in legal possession of Store No. 1182, located at 174 Cypress Point Parkway, Palm Coast, Florida.

5. Venue is proper in Flagler County, Florida, because the events giving rise to the negligence in this action occurred in Flagler County, Florida.

## COUNT I NEGLIGENCE AS TO WALMART

6. Plaintiff realleges paragraphs one (1) through five (5), as though fully stated herein.

7. On or about April 12, 2019, Plaintiff, SUZANN WISNER, entered the premises referenced in paragraph four (4) for the purpose of shopping, said purpose being a reason that the Defendant holds itself open to the public.

8. At that time and place, while in the aforesaid store, Plaintiff, SUZANN WISNER, slipped and fell in a transitory foreign substance that was on the floor of the premises.

9. At all times material, the Defendant, WALMART, being the owner of or otherwise in legal control of the premises, had a duty to maintain the premises in a reasonably safe condition and/or to warn its invitees, including Plaintiff, of unreasonably dangerous conditions existing in the store.

10. Defendant, WALMART, had actual or constructive notice of the existence of this aforesaid transitory foreign substance on the floor of its store and should have taken steps to remedy the condition or warn plaintiff of its existence. It did neither. Defendant, WALMART, was on constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

   a. The dangerous condition existed for such a length of time that, in the ordinary exercise of due care, Defendant, WALMART, should have known of the condition; or

   b. The condition, to wit, a transitory substance on the floor of the store, occurred with regularity and was therefore foreseeable.

11. Defendant, WALMART, breached its aforesaid duties to Plaintiff, SUZANN WISNER, by allowing the unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

12. As a direct and proximate result of the negligence of Defendant WALMART, Plaintiff SUZANN WISNER was injured in and about her body resulting in pain and suffering, incurred medical and related expenses in the treatment of her injuries, disability, disfigurement, mental anguish, loss of capacity to enjoy life, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and she will suffer the losses and impairment in the future.

13. In that the injuries suffered by the Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff SUZANN WISNER demands judgment against Defendant WALMART for damages in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

Dated this 7th day of August, 2020.

                                             **COKER LAW**

                                             */s/ Daniel A. Iracki*
                                             **HOWARD C. COKER, ESQ.**
                                             Florida Bar No.: 141540
                                             **DANIEL A. IRACKI, ESQ.**
                                             Florida Bar No.: 0041212
                                             **CHELSEA R. HARRIS, ESQ.**
                                             Florida Bar No.: 28368
                                           136 East Bay Street, 2nd Floor
                                           Jacksonville, Florida 32202
                                           (904) 356-6071
                                           (904) 353-2425 (Facsimile)
                                           Dai@cokerlaw.com (Primary)
                                           Crh@cokerlaw.com (Secondary)
                                           gdm@cokerlaw.com (Tertiary)
                                           *Counsel for Plaintiff*